FILED
CLERK
6/20/2016 3:24 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------x
STEVEN GOVERNALE,

                              Plaintiff,

   -against-

ERIC SOLER, #5664; JAMES S. ADLER, #5579; GARY OSSO, #3997, individually and as police personnel of the Suffolk County, N.Y. Police Dept., COUNTY OF SUFFOLK, N.Y. and JOSEPH TRAPASSO,

                             Defendants.
-----------------------------------------------------------------------------------------x

**SHORT FORM ORDER**
14-CV-4386 (ADS)(ARL)

**APEARANCES:**

**Arthur V. Graseck, Jr., Esq.**
*Attorney for the Plaintiff*
99 Meredith Lane
Oakdale, NY 11769

**Suffolk County Attorney's Office**
*Attorneys for the Defendants Eric Soler, James S. Adler, Gary Osso, and County of Suffolk*
100 Veterans Memorial Highway, PO Box 6100
Hauppauge, NY 11788
        By:    Brian C. Mitchell, Assistant County Attorney

**SPATT, District Judge:**

On July 21, 2014, the Plaintiff Steven Governale ("Governale" or the "Plaintiff") commenced this civil rights action under 42 U.S.C. § 1983 against the County of Suffolk (the "County"), and several individual members of the County Police Department, namely, Officers Eric Soler ("Soler"), James S. Adler ("Adler"), and Gary Osso ("Osso," together with the County, Soler, and Adler, the "County Defendants"), and one Joseph Trapasso ("Trapasso"), a civilian.

On September 3, 2014, the County Defendants, by counsel, filed an answer to the complaint. Therefore, under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15, the time for the Plaintiff to amend the complaint as a matter of right expired some 21 months ago, on September 24, 2014. See Fed. R. Civ. P. 15(a)(1) (authorizing a party to amend its pleading once as matter of right within 21 days after serving it or 21 days after service of the answer).

On March 12, 2016, after a lengthy period of inactivity in this case, the Court set a deadline of April 14, 2016 for any party to request a pre-motion conference in advance of seeking summary judgment.

On April 27, 2016, upon request by the County Defendants, the Court held a pre-motion conference, at which time a briefing schedule for the County Defendants' anticipated summary judgment motion was established.

On June 8, 2016, pursuant to the Court-ordered briefing schedule, the County Defendants filed their motion for summary judgment. Consequently, the Plaintiff's response is currently due on or before July 11, 2016.

However, on June 15, 2016, the Plaintiff filed a purported amended summons and complaint, apparently without receiving the County Defendants' written consent, and without first seeking leave of the Court. As noted above, this purported amended pleading is procedurally improper inasmuch as it was not authorized by Fed. R. Civ. P. 15.

Accordingly, on its own motion, the Court finds that the purported amended complaint is a nullity, without legal effect, and will be stricken. See Chevron Corp. v. Salazar, No. 11-cv-0691, 2011 U.S. Dist. LEXIS 92091, at *9-*10 (S.D.N.Y. Aug. 17, 2011) (striking purported amended pleading which was filed without leave of court and did not otherwise satisfy Rule 15); Lyddy v. Bridgeport Bd. of Educ., No. 06-cv-1420, 2008 U.S. Dist. LEXIS 45035, at *6-*7 (D. Conn. June 10, 2008) (noting that an amended complaint which is filed without obtaining the required leave of court "is generally considered a nullity and without legal effect" (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1484, at 601 (1990)); In re Crazy Eddie Sec. Litig., 792 F. Supp. 197, 204 (E.D.N.Y. 1992) (same); Gaumont v. Warner Bros. Pictures, 2 F.R.D. 45, 46 (S.D.N.Y. 1941) (same); Moore's Federal Rules Pamphlet § 15.3 (noting that "if leave of court to amend is required, an amended pleading filed without obtaining leave is a nullity and the original pleading stands" (citations omitted)).

Further, the Court finds that the purported amended summons was issued in error based upon the invalid amended complaint. Accordingly, it, too, is stricken.

The Court directs that, unless otherwise agreed to by the parties, the previously established briefing schedule will remain in force and is not tolled by the Plaintiff's filing.

It is **SO ORDERED.**

Dated:  Central Islip, New York
        June 20, 2016                  */s/ Arthur D. Spatt*_____
                                       ARTHUR D. SPATT
                                       United States District Judge