```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
STEVEN GOVERNALE,
                              Plaintiff,
     -against-

ERIC SOLER, #5664; JAMES S. ADLER, #5579; GARY OSSO,           Decision & Order
#3997, individually and as police personnel of the Suffolk County,   14-cv-4386(ADS)(ARL)
N.Y. Police Dept., COUNTY OF SUFFOLK, N.Y. and JOSEPH
TRAPASSO,

                              Defendants.
----------------------------------------------------------------------------x
```

APEARANCES:

**Arthur V. Graseck, Jr., Esq.**
*Attorney for the Plaintiff*
99 Meredith Lane
Oakdale, NY 11769

**Suffolk County Attorney's Office**
*Attorneys for the Defendants Eric Soler, James S. Adler, Gary Osso, and County of Suffolk*
100 Veterans Memorial Highway, PO Box 6100
Hauppauge, NY 11788
          By:   Brian C. Mitchell, Assistant County Attorney

**SPATT, District Judge:**

On July 21, 2014, the Plaintiff Steven Governale ("Governale" or the "Plaintiff") commenced this civil rights action, alleging false imprisonment and denial of urgently-needed medical attention in violation of 42 U.S.C. § 1983, against the Suffolk County Police Department, several individual police officers (collectively, the "County Defendants"), and one Joseph Trapasso ("Trapasso"), a civilian.

After he failed to answer or otherwise respond to the complaint, on July 9, 2015, the Clerk of the Court noted Trapasso's default. On September 8, 2015, the Plaintiff filed a motion under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 55 for entry of a default judgment against him.

The following day, on September 16, 2015, the Court referred the default judgment motion to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the Plaintiff's motion should be granted, and if so, the relief to be awarded.

On July 27, 2016, Judge Lindsay issued the following Report and Recommendation (the "R&R"):

> Despite the fact that the plaintiff is represented by counsel, the plaintiff has submitted a two-page affirmation, handwritten on a form provided by the *pro se* office, in support of his motion for a default judgment. The affirmation contains only two sentences, namely:
>> Defendant Trapasso assaulted plaintiff and thereafter relied upon his status as a protected Suffolk County police informant to act jointly with police to illegally detain plaintiff and to prevent him from having prompt access to urgently needed medical attention for treatment of serious injuries. In addition he used his special relationship with police to avoid being promptly arrested for his misconduct.
>
> Dkt. No. 17-1. The supporting papers contain no citation to the facts or law. Indeed, the plaintiff has failed to submit a memorandum of law to support the motion as required by Local Rule 6.1. This is particularly disconcerting given counsel for the County defendants' indication that at no time was Mr. Trapasso a Suffolk County police informant. Accordingly, without more, the undersigned must recommend that the motion be denied.

R&R, DE [30], at 1-2.

On August 2, 2016, the Plaintiff electronically filed 27 pages of what appear to be medical records and photographs. However, these documents are unaccompanied by an affidavit; a legal memorandum; or a written submission of any kind that might serve to authenticate, identify, or even explain what the documents are. Further, this filing does nothing to address Judge Lindsay's findings that the Plaintiff's default motion was below the legal standard inasmuch as it contained only two conclusory sentences; no supporting evidence; and no citation to law or facts.

In the Court's view, the seemingly random and disorganized records filed by the Plaintiff, without any support or clarification from a customary legal document, do not constitute "specific written objections" to the R&R as required by FED. R. CIV. P. 72(b). *See Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002) (noting that a "bare statement, devoid of any reference to specific

findings or recommendations to which [the objecting party] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Contreras v. United States*, No. 08-cv-1976, 2009 U.S. Dist. LEXIS 133775, at *2 (S.D.N.Y. May 15, 2009) ("A generic objection lacking in any particularity . . . does not satisfy the Rule"); *Chabrier v. Leonardo*, No. 90-cv-173, 1991 U.S. Dist. LEXIS 3610, at *3-*4 (S.D.N.Y. Mar. 26, 1991) ("It is not part of the job of the district court in reviewing a magistrate judge's report and recommendation under Rule 72(b) to create some theory for the objecting party, hence the Rule's requirement of 'specific' written objections").

Accordingly, the Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See* FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

Therefore, on Judge Lindsay's recommendation, the Plaintiff's motion for a default judgment against the Defendant Joseph Trapasso is denied in its entirety. Given that Trapasso has not appeared in this action; and given the Plaintiff's inability to establish his liability as alleged in the complaint, the Court dismisses this action without prejudice against him.

The Clerk of the Court is directed to amend the official caption as follows:

```
-----------------------------------------------------------------------------------------------------------x
STEVEN GOVERNALE,
                        Plaintiff,
    -against-

ERIC SOLER, #5664; JAMES S. ADLER, #5579; GARY OSSO, #3997, individually and as
police personnel of the Suffolk County, N.Y. Police Dept. and COUNTY OF SUFFOLK, N.Y.,

                        Defendants.
-----------------------------------------------------------------------------------------------------------x
```

Further, as described more fully in a prior Order of this Court, *see* DE [32], on June 15, 2016, namely, some 21 months after the expiration of the Plaintiff's time to amend his pleading and after summary judgment motion practice was underway, the Plaintiff filed a purported amended summons and complaint. This filing was made without first obtaining the written consent of the County Defendants and without seeking leave of the Court.

3

Thus, in a written Order dated June 20, 2016, the Court struck the purported pleading, finding that it was a nullity, without legal effect, inasmuch as it was not authorized by FED. R. CIV. P. 15.

On August 3, 2016, the Plaintiff filed a one-page Notice of Motion, stating only the following:

> PLEASE TAKE NOTICE that upon the annexed duly executed Affirmation, plaintiff will move this Court (Hon. Arthur D. Spatt, U.S.D.J.) at 100 Federal Plaza, Central Islip, N.Y., 11722 for an Order granting plaintiff leave to belatedly file and serve his amended Summons and Amended Complaint.

DE [34].

However, there *was* no affirmation annexed to this notice. Nor was there a legal memorandum or any other supporting documentation stating the rule or statute upon which the motion was predicated, or setting forth with any level of particularity any grounds for the relief sought.

Under these circumstances, the Court finds that the Plaintiff's filing is not a properly-made motion, and is again denied as procedurally improper. *See* FED. R. CIV. P. 7(b) (requiring motions to state with particularity the grounds for seeking relief from the Court); Local Civil Rule 7.1(a) (providing that all motions "shall include" a notice of motion "specify[ing] the applicable rules or statutes to which the motion is brought" and "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion"); Individual Motion Practices of Judge Arthur D. Spatt § IV(B) (stating that "all motions shall comply with Local Civil Rule 7.1, which requires a notice of motion, a memorandum of law, and supporting affidavits and exhibits").

This conclusion is particularly warranted given that a prior filing by the Plaintiff *in this case*, which similarly consisted of a Notice of Motion with no supporting papers, was also denied as non-compliant with the applicable rules. *See* Order of April 19, 2015, DE [10] (denying motion for failure to comply with individual rule IV(B), namely, lack of a legal memorandum).

4

Accordingly, the Court again denies without prejudice the Plaintiff's motion to amend the complaint as procedurally improper.

In any event, even if the second motion to amend had been properly made, it would be denied as without merit. The Court has undertaken a review of the original complaint and the proposed amended complaint, which, as noted, was filed without the Court's permission on June 15, 2016. Other than substituting the true names of the individual police officers for the fictitious "John Doe" names originally ascribed to them, the two pleadings are identical. Accordingly, without any explanation from the Plaintiff as to his reasons for seeking to amend the complaint, the Court is of the view that permitting the filing of the proposed amended pleading at this late stage is wholly unnecessary and would accomplish little besides needlessly delaying the final resolution of this proceeding.

Finally, as described more fully in a prior Order of this Court, *see* DE [32], on April 27, 2016, upon request by the County Defendants, the Court held a pre-motion conference, at which time a briefing schedule for their anticipated summary judgment motion was established. In accordance with that schedule, on June 8, 2016, the County Defendants filed their motion for summary judgment.

Rather than responding to the motion, as noted above, on June 15, 2016 the Plaintiff filed a purported amended summons and complaint, which the Court struck as procedurally improper. In a written Order setting forth its decision in this regard, the Court explicitly cautioned the Plaintiff that "unless otherwise agreed to by the parties, the previously established briefing schedule [would] remain in force and is not tolled by the Plaintiff's filing."

By July 29, 2016, the Plaintiff had yet to file any response to the County Defendants' motion, nor had he requested additional time to do so. However, apparently, he did serve the County Defendants with a response of some kind. Thus, on July 27, 2016, the County Defendants filed a reply, setting forth additional arguments in support of their motion.

In its prior Order, the Court noted that the Plaintiff's conduct had apparently violated its individual rules of practice, which require that "[a]ll documents in civil and criminal actions . . . including motions . . . be filed via electronic case filing (ECF)" and that hard copies of all motion papers be submitted to chambers. In this regard, the Court noted that, although the Plaintiff apparently provided some sort of response to the County Defendants, none was provided to the Court and the deadline for doing so had long past.

Nevertheless, the Court gave the Plaintiff an additional five days, until August 3, 2016, to electronically file the response he initially provided to the County Defendants and to provide a hard copy to chambers. The Court directed that "[l]ess than full compliance with these rules will result in the pending summary judgment motion being submitted as unopposed without further notice to the parties."

More than a month has now elapsed since the expiration of the Court-imposed deadline and the Plaintiff has neither electronically filed any opposition papers to the County Defendants' motion for summary judgment, nor provided hard copies of any papers to the Court. Despite the Court's clear and repeated warnings that the Plaintiff must comply with the established briefing schedule and submit his opposition papers to the Court, or risk waiving his right to do so, the Plaintiff has failed to comply with the Court's directives and the County Defendants' motion for summary judgment is now accepted for submission as unopposed.

The Court again refers this matter to Judge Lindsay for a recommendation as to whether: (1) the County Defendants' unopposed motion for summary judgment should be granted; (2) if so, whether this action should be dismissed with prejudice; and (3) whether any other relief is warranted.

It is **SO ORDERED.**

Dated:  Central Islip, New York  /s/ *Arthur D. Spatt*_____
        September 16, 2016       ARTHUR D. SPATT
                                 United States District Judge