```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
STEVEN GOVERNALE,

                        Plaintiff,
    -against-

ERIC SOLER, #5664; JAMES S. ADLER, #5579; GARY OSSO, #3997,
individually and as police personnel of the Suffolk County, N.Y.
Police Dept. and COUNTY OF SUFFOLK, N.Y.,

                        Defendants.
----------------------------------------------------------------------------x
```

**FILED
CLERK**

1:28 pm, Feb 22, 2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

Order
14-cv-4386(ADS)(ARL)

<u>APPEARANCES</u>:

**Arthur V. Grasek, Jr.**
*Attorney for the Plaintiff*
99 Meredith Lane
Oakdale, NY 11769

**Suffolk County Attorney's Office**
*Attorneys for the Defendants*
100 Veterans Memorial Highway, PO Box 6100
Hauppauge, NY 11788
    By:    Brian C. Mitchell, Assistant County Attorney

**SPATT, District Judge:**

On July 21, 2014, the Plaintiff Steven Governale commenced this civil rights action against the County of Suffolk and several individual Suffolk County police officers (collectively, the "County Defendants"), as well as Joseph Trapasso ("Trapasso"), a civilian. The complaint alleged false imprisonment and denial of urgently-needed medical attention in violation of 42 U.S.C. § 1983.

On April 27, 2016, upon request by the County Defendants, the Court held a pre-motion conference, at which time a briefing schedule for their anticipated summary judgment motion was established. In accordance with that schedule, on June 8, 2016, the County Defendants filed their motion for summary judgment.

The Plaintiff failed to timely respond to the County Defendants' motion, and by Order dated September 16, 2016, the Court accepted it for submission as unopposed. The Court then referred

this matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the County Defendants' unopposed motion for summary judgment should be granted.

The Court notes that in the same September 16, 2016 Order, the complaint was dismissed without prejudice against the individual Defendant Trapasso.

On February 6, 2017, Judge Lindsay issued a typically thorough Report and Recommendation (the "R&R"), recommending that the County Defendants' unopposed motion for summary judgment be granted in its entirety. Initially, Judge Lindsay found that the Court lacks personal jurisdiction over the police officer Defendants Soler, Adler, and Osso because the PLainitff failed to properly serve any of these Defendants with the operative pleading in accordance with Fed. R. Civ. P. 4(e).

In any event, even if personal jurisdiction over the individual Defendants existed, Judge Lindsay found that the Plaintiff's claims lack merit and that summary judgment is warranted. As to his false arrest claim, Judge Lindsay noted the undisputed fact that, on the date in question, the Plaintiff was not arrested, placed in custody, or detained in any way, thereby precluding his claim as a matter of law. Further, even if he had been detained, the record established that the officers had probable cause to take the challenged actions, which is a complete defense to a claim based on § 1983 false arrest.

As to his claim for denial of urgently-needed medical care, Judge Lindsay found that the evidence in the record was insufficient, as a matter of law, to establish that the Plaintiff was suffering from a serious medical condition, or that he requested any aid at the scene of the relevant events. On the contrary, according to Judge Lindsay, "the evidence does support the conclusion that he waited until the next day to seek assistance, and even then, he refused emergent care." *See* R&R at 12. Under these circumstances, the court recommended that the claim based on a denial of medical care be denied.

Finally, to the extent that Judge Lindsay found the Plaintiff's constitutional claims legally insufficient as against the individual Defendants, she also found the complaint insufficient as it

2

relates to the County. In this regard, the court found no evidence to support a deprivation of the Plaintiff's rights stemming from a municipal policy or custom consistent with the rule of *Monell*.

Counsel for the Plaintiff received a copy of the R&R via ECF on February 6, 2017. More than fourteen days have elapsed, and the Plaintiff has neither filed an objection nor requested an extension of time to do so.

Therefore, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the February 6, 2017 Report and Recommendation is adopted in its entirety, and the County Defendants' motion for summary judgment dismissing the complaint is granted.

The Clerk of the Court is respectfully directed to enter judgment in accordance with this Order, and to close this case.

It is **SO ORDERED:**

Dated: Central Islip, New York
February 22, 2017

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge